UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

|  |  |  |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | C.A. No. 04-cv-425-JM |
| v. | ) ) ) | |
| KEVIN J. HOBBS, BRUCE C. MAYHEW, | ) ) ) | |
| Defendants. | ) ) | |

**FINAL JUDGMENT AS TO DEFENDANT KEVIN J. HOBBS**

The Securities and Exchange Commission having filed a Complaint and Defendant Kevin J. Hobbs ("Defendant") having entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

It Is Hereby Ordered, Adjudged, And Decreed that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in

connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is liable for disgorgement of $95,109, representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $15,475, for a total of $110,584.  Based on Defendant's sworn representations in his Statements of Financial Condition dated October 4, 2004 and August 26, 2005, and other documents, information and sworn testimony submitted to the Commission, however, the Court is not ordering Defendant to pay a civil penalty and payment of all but $65,000 of disgorgement and pre-judgment interest thereon is waived.  Defendant shall also pay post-judgment interest on any delinquent amounts pursuant to 28 USC § 1961.  The determination not to impose a civil penalty and to waive payment of all but $65,000 of disgorgement and pre-judgment interest is contingent upon the accuracy and completeness of Defendant's Statement of Financial Condition.  If at any time following the entry of this Final Judgment the Commission obtains information indicating that Defendant's representations to the Commission concerning his assets, income, liabilities, or net worth were fraudulent, misleading, inaccurate, or incomplete in any material respect as of the time such representations were made, the Commission may, at its sole discretion and without

prior notice to Defendant, petition the Court for an order requiring Defendant to pay the unpaid portion of the disgorgement, pre-judgment and post-judgment interest thereon, and the maximum civil penalty allowable under the law.  In connection with any such petition, the only issue shall be whether the financial information provided by Defendant was fraudulent, misleading, inaccurate, or incomplete in any material respect as of the time such representations were made.  In its petition, the Commission may move this Court to consider all available remedies, including, but not limited to, ordering Defendant to pay funds or assets, directing the forfeiture of any assets, or sanctions for contempt of this Final Judgment.  The Commission may also request additional discovery.  Defendant may not, by way of defense to such petition:  (1) challenge the validity of the Consent or this Final Judgment; (2) contest the allegations in the Complaint filed by the Commission; (3) assert that payment of disgorgement, pre-judgment and post-judgment interest or a civil penalty should not be ordered; (4) contest the amount of disgorgement and pre-judgment and post-judgment interest; (5) contest the imposition of the maximum civil penalty allowable under the law; or (6) assert any defense to liability or remedy, including, but not limited to, any statute of limitations defense.

III.

Defendant shall make the payment of a total of $65,000.  Defendant shall satisfy this obligation by paying $65,000 within ten (10) business days of entry of this Judgment to the Office of Financial Management, Securities and Exchange Commission, Operations Center, 6432 General Green Way, Mail Stop 0-3, Alexandria, Virginia 22312, and payment shall be accompanied by a letter identifying Kevin J. Hobbs as a defendant in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to this Final Judgment.  A copy of all such payments shall also be

delivered to Ian D. Roffman, Esq., U.S. Securities and Exchange Commission, 73 Tremont St., Boston, MA 02108. Defendant shall pay post-judgment interest on any delinquent amounts pursuant to 28 USC § 1961.

IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

VI.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Dated:  February 15, 2006         /s/ James R. Muirhead
                                  UNITED STATES MAGISTRATE JUDGE

cc: Ian Roffman, Esq.
    Donald Kennedy, Esq.
    Alexander Walker, Esq.